## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

THE WILLIAMS FAMILY,
including birth parents TANIYAH
CRUTCH-WILLIAMS and
RODNEY WILLIAMS, JR.,
individually and on behalf of T.W, a
minor child; and CHARLOTTE
WILLIAMS and RODNEY
WILLIAMS, SR., individually and
as legal parents of R.W., a minor
child,

     Plaintiffs,

v.
                      Case No. 3:22-cv-1099-MMH-LLL

KIDS FIRST OF FLORIDA, INC.,
a Florida Corporation,

     Defendant.

_____

## O R D E R

**THIS CAUSE** is before the Court on the Plaintiffs' Motion for Remand
(Doc. 25; Motion) filed by Taniyah Crutch-Williams, Rodney Williams, Jr.,
Rodney Williams, Sr., Charlotte Williams, T.W., and R.W. (Plaintiffs) on
November 10, 2022.  Defendant Kids First of Florida, Inc. (KFF) filed
Defendant's Response in Opposition to Plaintiffs' Motion for Remand (Doc. 26;
Response) on November 15, 2023.  Accordingly, this matter is ripe for review.
For the reasons explained below, the Court lacks subject matter jurisdiction

over this action.  As such the Motion is due to be granted, and the case will be remanded to the state court in which it was originally filed.

## I.    Background

This case arises out of KFF's involvement in dependency and adoption proceedings relating to three minor children, which the Court refers to as Lil R., R.W., and T.W.  See generally Plaintiffs' Amended Complaint for Damages (Doc. 10; Complaint), filed October 17, 2022.[1]  Plaintiffs Rodney Williams, Jr. and Taniyah Crutch-Williams are the birth parents of all three children, and Plaintiffs Rodney Williams, Sr. and Charlotte Williams are the paternal grandparents of the children.[2]  See id. ¶¶ 10–11.  Together, they bring this action against KFF asserting claims on behalf of themselves as well as two of the children, Lil R. and T.W.  See id.  In the Complaint, Plaintiffs allege that KFF illegally diverted R.W. into the foster care system for placement with nonrelatives, and "attempted to illegally divert" Lil R. and T.W. as well.  See id.

---

[1] The Complaint initially filed on the Court's Docket contained the full names of the minor children in violation of Rule 5.2(a) of the Federal Rules of Civil Procedure (Rule(s)).  When the Court requested that counsel file a properly redacted Complaint, counsel redacted the names of the minor children entirely rather than leaving their initials.  As a result, in reading the Complaint, it became impossible to identify the child to which any allegation or claim related.  To rectify the matter, the Court directed Plaintiffs to file an unredacted Complaint under seal.  See Endorsed Order (Doc. 50), entered April 4, 2023.  The children's initials are drawn from the unredacted Complaint (Doc. 51).

[2] Charlotte Williams and Rodney Williams, Sr. legally adopted Lil R.  See Complaint ¶ 11.  To avoid confusion, however, the Court refers to Charlotte Williams and Rodney Williams, Sr. as the grandparents of all three children.  Likewise, the Court refers to Taniyah Crutch-Williams and Rodney Williams, Jr. as the birth parents of all three children.  See Complaint ¶¶ 10–11.

¶¶ 1–2, 58–59.  According to Plaintiffs, KFF's interference with the Williams' familial and parental rights continued for years, "including attempts in 2018 and 2019 through 2021."  See id. ¶ 42.

Plaintiffs initiated this action against KFF by filing a Complaint for Access to Records and for Damages in the Fourth Judicial Circuit Court in and for Duval County, Florida, on June 20, 2022.  See Notice of Removal and Incorporated Memorandum of Law at 2 (Doc. 4; Notice), filed October 12, 2022.  But Plaintiffs later filed an amended complaint which is the operative Complaint at this time.  See generally Complaint.  In the Complaint, Plaintiffs bring eight claims against KFF.  Specifically, Plaintiffs assert three negligence claims—Counts I-A (by the birth parents), II-A (by Lil R.), and III-A (by the grandparents).  See id. at 18, 29, 36.  Plaintiffs also bring three claims of Tortious Interference with Constitutionally Protected Rights and Familial Relationships—Counts I-B (by the birth parents), II-B (by Lil R.), and III-B (by the grandparents).  See id. at 23, 32, 40.  And Plaintiffs bring two claims of Intentional Infliction of Emotional Distress—Counts I-C (by the birth parents and T.W.) and III-C (by the grandparents and Lil R.).  See id. at 27, 42.

After Plaintiffs filed the Complaint, KFF removed the case to this Court on October 11, 2022.  See Notice.  Upon review of the Complaint, the Court, cognizant of its independent obligation to assure the existence of subject matter jurisdiction, entered an order observing that Plaintiffs' claims did not appear to

arise under federal law, nor did they appear to present any substantial federal question.  See Order to Show Cause (Doc. 18), entered on October 25, 2022.  As such, the Court ordered KFF to show cause why the case should not be remanded to the state circuit court due to the apparent absence of subject matter jurisdiction.  See id.  KFF timely responded to the Order to Show Cause by filing Defendant Kids First of Florida, Inc.'s Response to Order to Show Cause (Doc. 20; Show Cause Response).  Not persuaded by KFF's Show Cause Response, Plaintiffs filed the Motion, in which they argue that the Court lacks subject matter jurisdiction because all of their claims are based on state law, and also that KFF's removal was improper because it was untimely.  See Motion at 1–2.  KFF disputes both contentions.  See generally Response.[3]

## II.    Legal Standard

A defendant may remove a case from a state court to federal court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction exists where a federal district court has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific

---

[3] In its 13-page Response to the Motion, KFF purports to incorporate by reference its 18-page Show Cause Response.  See Response at 1.  As explained in Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC, incorporation by reference is improper and allows the filer to circumvent this Court's page limits.  See 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012), aff'd in part, 505 F. App'x 928 (11th Cir. 2013).  The Local Rules require that a legal memorandum in response to a motion be "no longer than twenty pages inclusive of all parts." See Local Rule 3.01(b), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)) (emphasis added).  Out of an abundance of caution, however, in determining the existence of subject matter jurisdiction, the Court has nonetheless considered the arguments in KFF's Show Cause Response.

statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). Notably, when a defendant removes an action to federal court, the defendant bears the burden of establishing that the court has subject matter jurisdiction. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). And in assessing a motion to remand, "all doubts about jurisdiction should be resolved in favor of remand to state court." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)). Here, KFF seeks to invoke the Court's federal question jurisdiction under § 1331, which provides: "The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." See Notice at 3; 28 U.S.C § 1331.[4]

_____

[4] In passing, KFF also identifies 28 U.S.C. § 1343(a)(3)–(4) as providing a basis for the Court's jurisdiction. See Notice at 1–3. These provisions create jurisdiction over civil actions to redress deprivation of federal rights "under color of any State law," and to pursue remedies under federal civil rights statutes. See 28 U.S.C. § 1343(a)(3)–(4). However, in the Complaint Plaintiffs do not assert that KFF's actions were performed "under color of any State law," id., nor does KFF attempt to identify any such assertion. Likewise, no party argues that Plaintiffs are seeking relief "under any Act of Congress." Id. Accordingly, the Court only analyzes whether it has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In determining whether a claim arises under federal law for purposes of § 1331, the Court is guided by the "well-pleaded complaint rule." <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 207 (2004).  That rule demands that a federal question appear on the face of the plaintiff's well-pleaded complaint.  <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112–113 (1936); <u>see also</u> <u>Kemp v. Int'l Bus. Mach. Corp.</u>, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint.").  Generally, a federal question appears on the face of the complaint when federal law creates the cause of action.  <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998).  To meet the burden of establishing the existence of proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1294–95 (11th Cir. 2008); <u>see also</u> <u>Ehlen Floor Covering, Inc. v. Lamb</u>, 660 F.3d 1283, 1287 (11th Cir. 2011).  Because a federal question must appear on the face of the complaint, a federal defense alone will not support removal.  <u>Kemp</u>, 109 F.3d at 712.

Nevertheless, "even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts

his state-law claims."[5] Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)).  A state-law claim raises a substantial question of federal law "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal–state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 383 (2016).  Importantly, however, "'[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Dunlap, 381 F.3d at 1290 (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986)).  Rather, to confer federal jurisdiction, "the state-law claim must 'really and substantially involve[ ] a dispute or controversy respecting the validity, construction or effect of [federal] law.'" Id. (quoting Mobile Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)); Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

---

[5] KFF does not argue that federal law preempts Plaintiffs' state-law claims.  Rather, KFF asserts that Plaintiffs' "allegations of constitutional wrongdoing, with specific reference to the First Amendment, due process, and equal protection," suffice to create jurisdiction.  See Response at 12.  Accordingly, federal preemption is not implicated in this case.

### III.   Discussion

As an initial matter, the Court rejects KFF's contention that the Motion should be denied because Plaintiffs have conceded that their claims are actually federal claims.  <u>See</u> Response at 1–13.  In support, KFF points to the Show Cause Response, in which it asserts that Plaintiffs' claims are premised on the First and Fourteenth Amendments.  <u>See</u> Response at 1; <u>see also</u> Show Cause Response.  According to KFF, Plaintiffs have failed to adequately address this argument, and thus Plaintiffs "all but concede[ ]" the issue of subject matter jurisdiction, and "'a party who fails to respond to an argument in her response necessarily forfeits the point.'"  Response at 3 (quoting <u>Hollis v. Miami-Dade Cnty.</u>, No. 20-cv-21930, 2022 WL 4124300, at *7 (S.D. Fla. Aug. 10, 2022)).  Apparently KFF believes that this purported failure by Plaintiffs resolves the question of whether the Court has subject matter jurisdiction over this action.  KFF is mistaken.

First, KFF incorrectly views Plaintiffs' Motion as a "response" to the Show Cause Response.  <u>See</u> Response at 3.  But, while Plaintiffs did file the Motion after KFF filed the Show Cause Response, Plaintiffs' Motion is <u>not</u> a response to that document at all.  The Court did not order Plaintiffs to respond to the Show Cause Order, nor did the Court order them to address the arguments presented by KFF in the Show Cause Response.  And Plaintiffs were not otherwise obligated to respond to that filing.  Instead, Plaintiffs filed the Motion

under the authority of 28 U.S.C. § 1447, challenging KFF's assertion that their claims fell within the jurisdiction of this Court.  Thus, Plaintiffs have conceded nothing and KFF, as the party invoking the Court's jurisdiction, must establish that the Court has federal subject matter jurisdiction over this case.

Second, and more importantly, federal courts are courts of limited jurisdiction and therefore have an obligation to assure the existence of subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001).  Because this requirement "involves the court's competency to consider" a case, "subject matter jurisdiction 'cannot be waived or otherwise conferred upon the court by the parties.'" Mayfield v. Shelley's Elec. Serv. Inc., 582 F. Supp. 3d 1103, 1107 (N.D. Ala. 2022) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)).[6]  Accordingly, even if Plaintiffs did "concede[ ] the point," Response at 3, the Court could not accept the concession as establishing the existence of subject matter jurisdiction.  And as noted above, the Court entered the Show Cause Order based upon the Court's own doubts about the existence of subject matter jurisdiction over the claims pled by Plaintiffs.  As such, KFF's concession-of-jurisdiction argument fails, and the Court must satisfy its obligation to determine whether any of Plaintiffs'

---

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

claims arise under federal law such that the exercise of jurisdiction under § 1331 is proper.

The Court will first examine whether federal law creates any cause of action set forth in the Complaint, and if not, will consider whether any claim raises a substantial question of federal law.  See Dunlap, 381 F.3d at 1290.  On this issue, the parties appear to agree that Plaintiffs have—at least superficially—pled all eight claims as state-law tort claims.  Nonetheless, KFF contends that the claims are actually "federal constitutional tort claims in the guise of" state-law causes of action.  Response at 2.  This contention is unavailing.

In each count of the Complaint, Plaintiffs allege the elements of a state-law cause of action—not a federal claim.  See, e.g., Complaint ¶¶ 69–73 (pleading negligence by alleging that KFF owed Plaintiffs a duty of care, breached that duty, and caused damages); id. ¶¶ 75–83 (asserting tortious violation of "the prohibitions against kidnapping in Florida law," including under Fla. Stat. § 787.01); id. ¶¶ 120–25 (pleading intentional infliction of emotional distress by alleging that KFF engaged in intentional, "outrageous" conduct that "caused severe emotional distress").  Aside from describing Plaintiffs' claims as "constitutional tort claims," KFF does not explain how federal law creates any cause of action in the Complaint.  Instead, KFF points to the numerous references to constitutional rights that Plaintiffs believe KFF

has violated.  But KFF fails to identify any legal authority supporting the proposition that references to, or the need to construe rights under, the United States Constitution in a state-law tort claim against a private, nongovernmental actor transforms the state-law tort claim into a federal constitutional tort.

More importantly, KFF's contention that Plaintiffs are pursuing federal claims, or constitutional tort claims, is belied by the arguments KFF makes in Defendant Kids First of Florida, Inc.'s Motion to Dismiss (Doc. 24; Motion to Dismiss).  In the Motion to Dismiss, in addition to other arguments, KFF contends that each count of Plaintiffs' complaint must be dismissed for failure to state a claim pursuant to Rule 12(b)(6).  In doing so, KFF recognizes that Plaintiffs allege state-law torts and analyzes the sufficiency of each claim by reference to the elements of the state-law tort claim under Florida law, as well as case law assessing the merits of each state-law claim.[7]  See Motion to Dismiss at 17–28.  Thus, KFF acknowledges that the claims Plaintiffs assert in the

_____

[7] In arguing that Plaintiffs' claim for "'Attempted' 'Internal Diversion'" fails, KFF identifies the elements of a cause of action for abuse of process under Florida law and argues that Plaintiffs cannot satisfy the first or second elements.  See Motion to Dismiss at 17–20. KFF does the same in arguing that Plaintiffs' claims for Tortious Interference with Familial Relationships, see id. at 24–26, and Intentional Infliction of Emotional Distress, see id. at 26–28, fail under established Florida precedent.  Last, the Court notes that KFF defends against Plaintiffs' claims relating to the withholding of records by reference to Florida public records law.  See id. at 21–23.

Complaint are claims that arise under—and are governed by—Florida law, not federal law.

This does not end the inquiry, however.  As discussed above, federal courts have jurisdiction over state-law claims that raise substantial questions of federal law.  See Dunlap, 381 F.3d at 1290.  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn, 568 U.S. at 258.  On this point, KFF emphasizes Plaintiffs' frequent references to constitutionally protected rights.  See Response at 2.  But mere references to federal laws or rights, even if included as an element of a state law claim, do not "transform what are in all other respects state laws claims into federal claims."  Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994).  Indeed, the Eleventh Circuit has explained that the Supreme Court in Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205, 214–15 (1934), made "clear that violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action."  Hill, 13 F.3d at 1550.  Here, Plaintiffs assert only state-law claims.  While their claims may refer to federal constitutional rights and may require analysis of federal constitutional rights, that does not mean they raise a substantial question of federal law.  As the Eleventh Circuit stated in Adventure Outdoors,

> To be sure, the jury would have to apply federal law to reach its decision. But as the Supreme Court explained in <u>Grable</u>, the federal courts have rejected the "expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door."

<u>Adventure Outdoors</u>, 552 F.3d at 1300 (quoting <u>Grable</u>, 545 U.S. at 313).  And KFF has failed to even attempt to identify "a stated federal issue, actually disputed and substantial," which the Court could entertain without disturbing the balance of state and federal power.  <u>Grable</u>, 545 U.S. at 314; <u>Gunn</u>, 568 U.S. at 258.

Equally problematic for KFF is the fact that interference with constitutionally protected rights is but one of several alternative theories that Plaintiffs use to support their state-law claims.  <u>See, e.g.</u>, Complaint ¶ 77 (alleging a breach of KFF's "duty to comply with federal and Florida laws"); <u>id.</u> ¶ 90 (treating the "loss of . . . constitutionally protected parental rights" as damages resulting from KFF's breach of a common-law duty); <u>id.</u> ¶ 106 (asserting that KFF breached "statutory, contractual, constitutional and common law duties to the adoptive parents").  Review of Plaintiffs' Complaint confirms that they assert non-federal theories in each of the eight claims they plead.  <u>See</u> Complaint ¶¶ 69, 77–78, 90, 93, 100–01, 106, 116, 125.  Accordingly, none of the claims in the Complaint raises a sufficient federal question to invoke the Court's subject matter jurisdiction under § 1331.  <u>See</u> <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 810 (1988) (explaining that "a claim

supported by alternative theories in the complaint" does not establish jurisdiction unless federal law is essential to each theory of the claim).[8]

Moreover, to the extent that Plaintiffs seek relief for violations of constitutional law, the only unambiguous reference to the United States Constitution is in Paragraph 106(c) of the Complaint.[9]  This paragraph asserts that KFF violated a duty to "keep siblings placed together and, if siblings were separated, [sic] from each other, then providing a sufficiently frequent visitation schedule . . . that constitutionally protected First Amendment associational bonds were maintained or strengthened."  Complaint ¶ 106(c).  It is unclear whether Plaintiffs are asserting that the First Amendment creates this duty.  To the extent that this uncertainty casts doubt on the Court's subject matter

---

[8] Christianson was a patent case, and the court thus analyzed its jurisdiction under 28 U.S.C. § 1338, not § 1331.  See Christianson, 486 U.S. at 810.  However, the test is the same under both jurisdictional provisions.  See id. at 808–09; Gunn, 568 U.S. at 257 ("Adhering to the demands of '[l]inguistic consistency,' we have interpreted the phrase 'arising under' in both sections identically, applying our § 1331 and § 1338(a) precedents interchangeably." (citing Christianson, 486 U.S. at 808–09)); see also Mobile Cnty. Bd. of Health v. Sackler, No. 1:19-01007-KD-B, 2020 WL 223618, at *5 & n.2 (S.D. Ala. Jan. 15, 2020) (collecting cases applying Christianson in determining the existence of jurisdiction under § 1331).

[9] KFF dedicates much of its Show Cause Response to identifying Plaintiffs' numerous references to constitutional rights in the Complaint, including references to freedom of association, due process, and equal protection.  See Show Cause Response at 3–9.  But these references do not necessarily implicate federal law if Plaintiffs seek to invoke those rights under Florida's Constitution.  See State v. Dodd, 561 So. 2d 263, 264 (Fla. 1990) (acknowledging Florida's constitutional "right of free association"); Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So. 2d 1239, 1250 & n.18 (Fla. 1996) (Florida's due process rights); Estate of McCall v. U.S., 134 So. 3d 894, 900–01 (Fla. 2014) (equal protection).  Where the references could be understood to refer to the Florida Constitution, the Court must construe this ambiguity in favor of remand.  See City of Vestavia Hills, 676 F.3d at 1313.  Even if these references did refer to the federal Constitution, however, that would not mean the federal rights are "necessarily raised" by Plaintiffs' claims.

jurisdiction, this doubt "should be resolved in favor of remand to state court." City of Vestavia Hills, 676 F.3d at 1313; see also Jones v. LMR Intern., Inc., 457 F.3d 1174, 1177 (11th Cir. 2006) ("In reviewing matters concerning removal and remand, 'it is axiomatic that ambiguities are generally construed against removal.'" (quoting Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979))). Regardless, this First Amendment reference is one of eight separate duties that KFF allegedly breached under Count III-A. As such, it does not appear to raise a substantial question of federal law. See Adventure Outdoors, 552 F.3d at 1297 (holding that a claim for negligence did not raise a federal question because the alleged legal duties also existed "independently of federal law," and the breach of those duties was "a factual matter that [could] be resolved without applying federal law").

In an effort to identify a basis for federal jurisdiction where Plaintiffs have pled none, KFF contends that Plaintiffs' stated rights are not "cognizable under" Florida law, and thus argues—by process of elimination—that the claims must derive from federal rights. See Response at 5–6 (disputing Plaintiffs' alleged statutory rights under Florida law); id. at 7 (arguing that Florida does not recognize a constitutional or statutory right to family integrity); id. at 8–9 (contending that Plaintiffs have no cognizable right to freedom of association under Florida law). But in making these arguments, KFF addresses the merits of the state-law claims—not the Court's jurisdiction

to hear them.  This puts the cart before the horse: the Court may not decide whether Plaintiffs state a claim under Florida law before determining whether it has jurisdiction to adjudicate the claims at all.  See Bell v. Hood, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and . . . must be decided after and not before the court has assumed jurisdiction over the controversy."[10]).  To the extent that the claims may ultimately fail under state law, this does not mean that they are actually federal claims sufficient to support the Court's jurisdiction, and KFF fails to cite any authority that would support the unusual proposition that the failure to successfully state a claim under state law warrants the exercise of federal jurisdiction.  See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 383 (2016) ("[W]hen 'a claim finds its origins' in state law, there is 'a special and small category of cases in which arising under jurisdiction still lies.'" (quoting Gunn, 568 U.S. at 258)).

Finally, KFF points to a related lawsuit that Plaintiffs filed in a neighboring federal district court as evidence "that Plaintiffs' claims are indeed of a federal constitutional character/dimension."  Response at 11.  This separate

---

[10] Indeed, KFF implicitly relies on this principle by arguing that the Court should both exercise jurisdiction and dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.  See Motion to Dismiss at 28 (requesting that the Court dismiss Plaintiffs' claims "with prejudice and without leave to amend").  To the extent KFF disputes that Plaintiffs' claims are supported by Florida law, it can raise those arguments in state court.

lawsuit, which is brought against various state of Florida agencies, <u>see</u> Show Cause Response at 12, does not persuade the Court that "Plaintiffs' claims against KFF are clearly directed . . . at the state adoption system, <u>as a whole</u>," or "are clearly premised upon federal constitutional provisions." <u>See</u> <u>id.</u> at 16. Although both sets of claims may derive from the same alleged facts, the claims in Plaintiffs' related lawsuit are <u>not</u> brought against KFF, and unlike in this action, Plaintiffs do assert rights arising under federal law.  <u>See</u> <u>id.</u> at 12 (quoting Plaintiffs' complaint in their related action as invoking "rights secured by the United States Constitution and federal laws," including the "First and Fourteenth Amendment rights and rights secured by 42 U.S.C. §§ 671(a) et seq. and 675a(a)(1)").  Indeed, in the related action Plaintiffs specifically assert claims "arising under 42 U.S.C. § 1983 to redress the Defendants' deprivation under color of law of the federal rights, privileges and immunities secured . . . by the Constitution and laws of the United States."  Plaintiffs' Amended Complaint ¶ 21 (Doc. 7-1).  Plaintiffs present no such claims in this action.

Notably, Plaintiffs are the "the masters of the complaint," and they are "'free to avoid federal jurisdiction' by structuring their case to fall short" of invoking federal court jurisdiction so long as their avoidance is not fraudulent. <u>See</u> <u>Scimone v. Carnival Corp.</u>, 720 F.3d 876, 882 (11th Cir. 2013) (citations omitted).  Perhaps Plaintiffs could have brought federal claims against KFF, but they simply have chosen not to do so.  <u>See</u> <u>Dunlap</u>, 381 F.3d at 1290

(recognizing that a plaintiff "'may avoid federal jurisdiction by exclusive reliance on state law,' even where a federal claim is also available"). KFF's reliance on this related lawsuit does nothing to convince the Court of the existence of subject matter jurisdiction over this action.

## IV.    Conclusion

For the foregoing reasons, the Court concludes that Plaintiffs have alleged only state-law claims that do not provide any basis to exercise subject matter jurisdiction over this action.[11] As such, Plaintiffs' Motion is due to be granted, and this case remanded to the Fourth Judicial Circuit Court in and for Duval County, Florida.

Accordingly, it is

**ORDERED:**

1.    Plaintiffs' Motion for Remand (Doc. 25) is **GRANTED**.

2.    The case is hereby **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

---

[11] Because the Court does not have subject matter jurisdiction, the Court does not reach Plaintiffs' argument that KFF's removal was untimely. See Motion at 9.

3.   The Clerk is **DIRECTED** to mail a certified copy of this Order to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, terminate any pending motions, and **CLOSE** the case.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of May, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record